

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Houston, Texas

Attention:  Conrad J. Landram

Dear Sir:

Opinion No. 0-5358
Re: Constitutionality of H.B.
170, 48th Legislature of
Texas, and related matters.

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"At the request of the County Clerk of Harris
County, Texas, I am asking your opinion on the
following questions, relating to H.B. 170, 48th
Legislature, approved May 13, 1943, amending Chap-
ter 1 of Title 121, Revised Statutes, 1925:

"(1.)  Is the Act constitutional?

"(2.)  What is the earliest date that the re-
recording can take place under the Act?
This will doubtless be the earliest date on
which it is the duty of the County Clerk to
re-record) also.

"(3.)  Does the Act cover the re-recording of
marks and brands on horses and mules?"

Said H. B. 170 reads as follows:

"H. B. No. 170

## "AN ACT

providing for the re-recording of marks and brands;
amending Chapter 1 of Title 121, Revised Civil Stat-
utes of Texas, 1925, adding thereto an Article

Honorable Dan W. Jackson, page 2

numbered 6899; declaring the recording of all marks and brands heretofore made null and void; providing right to record brand for certain period; providing for forfeiture of such right if not exercised within certain period; providing for sale or transfer of brands by owner; providing for recording or re-recording of brand or mark if no other person has sought to record such brand or mark regardless of whether or not the person seeking to record such brand or mark has previously recorded a brand; excepting counties from the provisions of the Act which shall have re-recorded brands or marks within the last five (5) years; repealing all laws or parts of law in conflict; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. That Chapter 1, Title 121, Revised Civil Statutes of Texas, 1925, be amended by adding after Article 6898 an Article numbered 6899 to read as follows:

"Article 6899. All records of marks and brands heretofore made as provided in this Chapter, except all county brands, shall become void and of no force and effect on the 1st day of October, 1943, and every person who has cattle, hogs, sheep, or goats shall have his mark and brand recorded or re-recorded in accordance with Article 6890 and Article 6898.

""The legal owner of a brand and/or mark shall have a preferential right to record such brand and/or mark for a period of two (2) years from the 1st day of October, 1943, but if such preferential right is not exercised within such two (2) years the same shall be forfeited and such brand and/or mark shall be subject to registration by any person, and the first person to record the same shall be the owner of the same.

""Any brand recorded in accordance with the requirements of this Act shall be considered as the property of the person causing such record to be made and shall be subject to sale, assignment, transfer, devise and descent the same as other

Honorable Dan W. Jackson, page 3

personal property.

"'Any person may record such brand and/or mark as he may desire to use provided no other person has recorded such brand and/or mark, without regard to whether or not such person has previously recorded a brand and/or mark.

"'This Act shall not apply to any county which shall have reerecorded all brands and marks within the past five (5) years.'

"Sec. 2. All laws or parts of laws in conflict herewith are hereby repealed.

"Sec. 3. The fact that so many recorded marks and brands are out of date and have no ownership, and are an unnecessary encumbrance on the records of the County Clerks of various counties, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

/s/ John Lee Smith   /s/ Price Daniel

President of the Senate  Speaker of the House

"I hereby certify that H. B. No. 170 was passed by the House on April 14, 1943, by the following vote: Yeas 93, Nays 18.

/s/ Clarence Jones
Chief Clerk of the House

"I hereby certify that H. B. No. 170 was passed by the Senate on May 7, 1943, by a viva voce vote.

/s/ Bob Barker
Secretary of the Senate

Honorable Dan W. Jackson, page 4

"APPROVED: May 13th, 1943    FILED IN THE OFFICE OF
                            THE SECRETARY OF STATE
/s/ Coke R. Stevenson       THIS 13th DAY OF May 1943
        Governor           AT 2 O'CLOCK AND 30 MIN-
                           UTES P.M.

                           /s/ Sidney Latham
                               Secretary of State "

     Article 6899, Revised Civil Statutes of Texas, 1925, was repealed by the Acts of 1929, 41st Legislature of Texas, p. 55, ch. 22, § 1.

     In answer to your first question it is our opinion that said H. B. 170 is constitutional. We think it is a valid exercise of the police power of the State. Live stock statutes dealing with branding and other matters relating to the protection of livestock of somewhat similar nature to H. B. 170 have been sustained by our Texas Courts as being valid exercises of the police power. See the following authorities:

     Beyman v. Black, (1877) 47 Tex. 558.

     Lastro v. State, (1878) 3 Tex. Crim. Rep. 363.

     Walker v. Bowman, (1878) 1 Tex. App. Civ. Cases, (White & W.) 353.

     In answer to your second question it is our opinion that the legal owner of a brand or mark has a preferential right to record such brand and/or mark for a period of two years from the 1st of October, 1943. The right of such owner to re-record does not attach until October 1, 1943; such preferential right of such owner endures two years thereafter. After the expiration of said two year period, if the owner has not availed himself of his preferential right, another person may record such brand or mark.

     We note that H. B. 170, although containing the usual emergency clause, reflects that same was passed in the Senate by a "viva voce vote." Recourse to the Senate Journal shows that the bill was passed in the Senate but does not reflect the vote cast. Thus no showing has been made that the bill received the two-thirds majority necessary to place it

Honorable Dan V. Jackson, page 5


in immediate effect. It therefore goes into effect ninety days after adjournment - which, however, happens to be prior to October 1, 1943. In this connection see Opinion No. 0-5171-A of this department, copy of which is enclosed herewith for your information.

Article 6890, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Every person who has cattle, hogs, sheep or goats shall have an ear mark and brand differing from the ear mark and brand of his neighbors, which ear mark and brand shall be recorded by the county clerk of the county where such animals shall be. No person shall use more than one brand, but may record his brand in as many counties as he deems necessary."

Article 6891, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Each county shall have a brand for horses and cattle, said brand to be known and designated as the 'county brand.' The county brand of each county shall be as follows:

". . . ."

Articles 6892, 6893, 6896, 6897 and 6898, Vernon's Annotated Texas Civil Statutes, read as follows:

"Art. 6892. The owners of all horses and cattle, in addition to their private brand, may place said county brand upon the neck of all horses and cattle owned by them."

"Art. 6893. Whenever any horses or cattle branded with the county brand are removed to another county, the owners of such stock may counterbrand with said county brand, and a bar under said county brand shall be used and known as the 'County brand,' and when so counterbranded the brand of the county in which said stock may be newly located may be placed on said stock."

Honorable Dan W. Jackson, page 6

"Art. 6896. Cattle shall be marked with the ear marks or branded with the brand of the owner on or before they are twelve months old; hogs, sheep, and goats shall be marked with the ear mark of the owner on or before they are six months old."

"Art. 6897. If any dispute shall arise about any ear mark or brand, it shall be decided by reference to the book of marks and brands kept by the county clerk, and the ear mark and brand of the oldest date shall have the preference."

"Art. 6898. The clerks of the county courts in their respective counties shall keep a well bound book, in which they shall record the marks and brands of each individual who may apply to them for that purpose, noting in every instance the date on which the brand or mark is recorded."

Under a statute exempting two horses for each family, mules are exempt, as they are used for the same purposes. Allison v. Brookshire, 38 Tex. 199.

"Horse," as used in a statute exempting from execution a horse used by the head of a family, means any animal of the genus "equus" or "horse" and hence includes an ass. Richardson v. Duncan, 49 Tenn. (2 Heisk.) 220, 222.

The word "horse" is generic, and includes mules and asses as species. McLamb & Co. v. Lambertson, 62 S.E. 107, 109, 4 Ga. App. 553.

The word "horse" is sometimes used as a generic name, including all animals of the horse kind; as used in statute prohibiting the running of a horse race along a public road, it should be construed to include mules. Goldsmith v. State, 38 Tenn. (1 Head) 154, 156, citing Bouvier Law Dict. 590.

"Horses" as used in a statute requiring a railroad company to erect and maintain fences sufficient to prevent cattle, horses, sheep and hogs from getting on such railroad, includes mules and asses. "Horses and asses are both defined

by lexicographers as 'quadrupeds of the genus equus.'" Ohio & M. R. Co. v. Brubaker, 47 Ill. 462, 463.

Article 6892, V. A. C. S., supra, definitely recognizes that owners of horses (as well as owners of cattle also mentioned in the article) may have a private brand, which can be used in addition to the county brand. It is our opinion that the term "horses" used in Article 6892 also includes "mules."

In answer to your third question, it is our opinion that same should be answered in the affirmative, and same is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:db

Enclosure

APPROVED JUN 21 1943

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN